# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF ST. AUGUSTINE FOR HEALTH SCIENCES, LLC,<br><br>        Defendant. | Case No.: 25-cv-02631-H-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**<br><br>[Doc. No. 2.] |

  On October 3, 2025, Plaintiff John Doe filed a complaint against Defendant University of St. Augustine for Health Sciences, LLC, alleging a single claim for deliberate indifference to gender harassment under Title IX of the Education Act of 1972. (Doc. No. 1, Compl. ¶¶ 157–218.) On October 3, 2025, Plaintiff also filed a motion for leave to proceed under a pseudonym. (Doc. No. 2.)

  Federal Rule of Civil Procedure 10(a) requires that "the complaint must name all the parties." Fed. R. Civ. P. 10(a). And the Ninth Circuit has stated that there is a "strong general presumption that plaintiffs will conduct litigation under their own names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010); see also id. at 1042 ("The normal presumption in litigation is that parties must use their real names."). This presumption is related to the public's right to open courts and the right of

private individuals to confront their accusers. Id. at 1042; see also Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) ("Lawsuits are public events.").

"Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). But the Ninth Circuit has cautioned that the use of pseudonyms is reserved, however, for the "the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067–68; see also United States v. Stoterau, 524 F.3d 988, 1012–13 (9th Cir. 2008) (stating that use of a pseudonym is reserved for "unusual" or "extraordinary" cases).

In assessing whether a plaintiff should be permitted to use a pseudonym, a district court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Id. at 1068. In so doing, a district court should consider the following five factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. Id.; Kamehameha, 596 F.3d at 1042.

After balancing the above factors, the Court declines to permit Plaintiff to use a pseudonym in this case. In his motion, Plaintiff asserts that revealing his identity to the public poses a risk of that he will suffer harm and retaliation. (Doc. No. 2-1 at 17–20.) But Plaintiff has failed to adequately explain why this fear of potential harm/retaliation is reasonable given that, according to Plaintiff, Defendant already knows his true identity, (see id. at 20); and, in the complaint, Plaintiff only seeks relief in the form of monetary damages. (See Doc. No. 1, Compl. at p. 25.) Plaintiff does not seek any form of injunctive relief, such as reinstatement at Defendant's university. (See id.)

The Court also rejects Plaintiff's assertion that this case involves highly sensitive and personal matters. The Court has reviewed the allegations of gender discrimination/harassment contained in the complaint, and they are not of such a highly

sensitive or personal nature to render this case extraordinary and justify the use of a pseudonym. Further, the allegations in Plaintiff's complaint are not similar to the allegations at issue in the cases cited by Plaintiff where courts have found the use of a pseudonym to be appropriate. (See Doc. No. 2-1 at 16.) In the present complaint, Plaintiff alleges that he was subjected to gender discrimination/harassment while he attended Defendant's university. (See generally Doc. No. 1, Compl. ¶¶ 26–156.) In contrast to this, the Ninth Circuit cases cited by Plaintiff involved situations where the plaintiff proceeding under a pseudonym had been accused of sexual assault. See Doe v. Regents of Univ. of California, 23 F.4th 930, 932–34 (9th Cir. 2022); Doe v. Regents of the Univ. of California, 891 F.3d 1147, 1150 (9th Cir. 2018); see also Doe v. Regents of Univ. of California, 28 Cal. App. 5th 44, 46–47 (2018) (involving allegations of sexual assault by the plaintiff); Doe v. Allee, 30 Cal. App. 5th 1036, 1043–46 (2019) (same).

For the reasons above, the Court denies Plaintiff's motion for leave to proceed under a pseudonym. Plaintiff must file an amended complaint containing his full and correct legal name **within fourteen (14) days from the date this order is filed.**

IT IS SO ORDERED.

DATED: October 14, 2025

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT